```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION


PENNIE HOLDER, Individually, and
JIMMY HOLDER, SR., Individually                          PLAINTIFFS

        V.              NO. 6:14-CV-6053-RTD


STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY                                        DEFENDANT
```

### MEMORANDUM OPINION AND ORDER

Before the Court are the Motion for Summary Judgment and supporting documents (docs. 12-14) filed on behalf of Defendant State Farm Fire and Casualty Insurance Company, the Response in opposition and supporting Statement of Facts (docs. 16-17) filed on behalf of Separate Plaintiff Pennie Holder, the Reply (doc. 19) filed on behalf of Defendant, and the parties' Joint Motion to Dismiss Claims for Bad Faith, Punitive Damages, and Violations of the Arkansas Trade Practices Act (doc. 21).  For the reasons set out below, the parties' Joint Motion to Dismiss (doc. 21) is **GRANTED**, and Defendant's Motion for Summary Judgment is **DENIED**; however, Separate Plaintiff Jimmy Holder, Sr. is directed to show cause within fourteen (14) days why his claims against Defendant should not be dismissed in their entirety.

**I.   Procedural Background**

On April 15, 2014, Defendant filed a Notice of Removal (doc. 1) of this case from Garland County Circuit Court (case no.

CV-2013-959-III) based upon diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.  Copies of Plaintiffs' Original Complaint, Summons, and Plaintiffs' Amended Complaint were attached collectively as Exhibit A to Defendant's Notice of Removal.  (Doc. 1-1).  Plaintiffs' Original Complaint, which was signed by counsel on behalf of Plaintiffs, was filed in Garland County on December 23, 2013, and contained claims against Defendant for breach of contract, breach of duty of good faith and fair dealing, and violation of the Arkansas Trade Practices Act.  The Amended Complaint, filed in Garland County on March 19, 2014, contained the same substantive allegations as the Original Complaint, but indicated that Plaintiffs were no longer represented by counsel and were proceeding *pro se*.  However, the Amended Complaint was signed only by Pennie Holder and not by Jimmy Holder, Sr.  Defendant's Answer to the Amended Complaint (doc. 3) was also filed on April 15, 2014.  In its Answer, Defendant denies that Plaintiffs are entitled to any relief and asserts certain affirmative defenses to Plaintiffs' claims.

On September 12, 2014, counsel filed a Notice of Appearance on behalf of Plaintiff Pennie Holder (doc. 10).  No appearance has been entered on behalf of Plaintiff Jimmy Holder, Sr. since the case was removed to this Court.

On October 3, 2014, Defendant filed its Motion for Summary Judgment and supporting documents (docs. 12-14), seeking judgment

as a matter of law on all of Plaintiffs' claims. On October 24, 2014 (after requesting and obtaining an extension of time to respond), Plaintiff Pennie Holder filed her Response in opposition and supporting Statement of Facts (docs. 16-17). In her Response, Ms. Holder concedes that summary judgment is appropriate as to her claims for bad faith and violations of the Arkansas Trade Practices Act, but argues that a genuine issue of material fact exists as to her claim for breach of contract that precludes summary judgment.

On October 31, 2014, Defendant filed its Reply (doc. 19), arguing that the claims of Plaintiff Jimmy Holder, Sr. should be dismissed with prejudice as he has failed to respond to discovery or to appear for his deposition, or to make any appearance in this case since its removal from state court. Defendant also asserts in its Reply that punitive damages are not appropriate and that Plaintiff has failed to produce sufficient evidence in support of her claim for breach of contract to create a genuine issue of material fact. On November 14, 2014, the parties filed a Joint Motion to Dismiss (doc. 21) reflecting their agreement that the claims for bad faith, punitive damages, and violations of the Arkansas Trade Practices Act should be dismissed with prejudice.

## II. Standard of Review

In determining whether summary judgment is appropriate, the burden is placed on the moving party to establish both the absence

3

of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts.  *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) (*citing Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983))*.*

    Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in *Rule 56*, must set forth specific facts showing that there is a genuine issue for trial.  *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998) (*citing Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir. 1981)).  In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.,* 28 F.3d 64, 66 (8th Cir. 1994) (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  Furthermore, "[w]here the unresolved issues are primarily legal rather than factual, summary

4

judgment is particularly appropriate." *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1315 (8th Cir. 1996)(*quoting Crain v. Bd. of Police Comm'rs,* 920 F.2d 1402, 1405-06 (8th Cir. 1990)).

**III. Uncontroverted Facts**

The following relevant facts are deemed uncontroverted, unless otherwise noted, and are viewed in the light most favorable to the non-moving party:

1. This suit arises from a burglary that occurred at Plaintiffs' home in Hot Springs, Arkansas, on or about December 26, 2011. At that time, Plaintiffs were insured under a homeowner's insurance policy issued by Defendant. (Doc. 14, ¶ 2).

2. In their Amended Complaint, Plaintiffs allege Defendant failed to perform its contractual obligations under the terms of their insurance policy, including by failing and refusing to pay benefits in a timely fashion. (Doc. 17, ¶ 5).

3. Following the loss event that occurred on December 26, 2011, Plaintiffs submitted an estimate of $83,715.50 for damage to their dwelling, under Coverage A of their policy, which was settled by Defendant in the amount of $35,291.66, with payment made on March 7, 2012. Coverage B of the policy involved their contents loss, and Defendant advanced $20,000.00 on the claim on April 23, 2012. Investigation into the contents loss continued and Plaintiffs were informed on May 11, 2012, that Defendant valued the Coverage B

5

contents at $39,916.34. Defendant paid the Plaintiffs an additional $19,916.34 on May 11, 2012. As Plaintiffs were insured under a replacement cost policy, which allows them to recoup depreciation once an item has been replaced, they were advanced additional payments of $2,726.05 on December 3, 2012, and $1,564.72 on December 11, 2013. (Doc. 14, ¶ 6; Doc. 17, ¶ 6).

4.   Following these payments, Plaintiffs demanded payment from Defendant of their policy limits of $324,225.00 on their contents claim. This demand was denied, and Defendant has made no further payments on the claim. (Doc. 14, ¶ 6; Doc. 17, ¶ 6).

5.   Plaintiff Jimmy Holder is currently unrepresented by counsel and has made no *pro se* appearance in this case. Mr. Holder has not responded to any discovery propounded upon him and did not appear for his deposition. (Doc. 17, ¶ 9).

**IV. Discussion**

    **A.   Joint Motion to Dismiss (doc. 21)**

The parties have agreed in their Joint Motion to Dismiss (doc. 21) that the claims asserted by Ms. Holder in the Amended Complaint for bad faith, punitive damages, and violations of the Arkansas Trade Practices Act should be dismissed with prejudice. The Motion is accordingly **GRANTED**, and these claims are dismissed with prejudice.

6

**B.  Claims of Plaintiff Jimmy Holder, Sr.**

Defendant has asserted that the claims brought against it by Plaintiff Jimmy Holder, Sr. should be dismissed for failure to prosecute.  (Doc. 19, p. 2).  Although Mr. Holder was initially represented by counsel when Plaintiffs' Original Complaint was filed in state court, he is apparently no longer represented by counsel in this matter.  Mr. Holder has made no *pro se* appearance in this case, and has not participated in discovery or appeared for his deposition.  Defendant also suggests that Mr. Holder no longer has any interest in the insurance claim which is the subject matter of this lawsuit based upon a divorce decree which assigned the claim and all proceeds therefrom to Ms. Holder.  (Doc. 19-2, p. 28).  Based on the information presented to the Court, it appears likely that Mr. Holder no longer has an interest in this claim.  In the event that Mr. Holder does still claim an interest in this lawsuit, he should be required to enter his appearance and participate in the case.  Plaintiff Jimmy Holder, Sr. is therefore directed to show cause within fourteen (14) days why his claims against Defendant should not be dismissed in their entirety.

**C.  Defendant's Motion for Summary Judgment (doc. 12)**

Because the Joint Motion to Dismiss has been granted, Defendant's Motion for Summary Judgment (doc. 12) is moot to the extent that it seeks judgment as a matter of law on Plaintiff Pennie

7

Holder's claims for bad faith and violation of the Arkansas Trade Practices Act.  As to the remaining breach of contract claim, the Court finds that genuine issues of material fact exist that preclude summary judgment, including but not limited to whether Defendant properly valued all of Plaintiffs' property in connection with the insurance claim.  Accordingly, Defendant's Motion for Summary Judgment (doc. 12) is **DENIED**.

V.   **Conclusion**

For the reasons set forth above, the parties' Joint Motion to Dismiss (doc. 21) is **GRANTED**; Defendant's Motion for Summary Judgment (doc. 12) is **DENIED**; and Separate Plaintiff Jimmy Holder, Sr. is directed to show cause within fourteen (14) days why his claims against Defendant should not be dismissed in their entirety.

IT IS SO ORDERED this 19th day of December, 2014.

/s/ Robert T. Dawson_____
Honorable Robert T. Dawson
United States District Judge